UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SISTRUNK,

        Petitioner,

v.                                                              CIVIL CASE NO. 05-72434
                                                               CRIMINAL CASE NO. 01-80967
                                                               HON. LAWRENCE P. ZATKOFF

UNITED STATES,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL

Before the Court is habeas Petitioner Donald Sistrunk's request for the appointment of counsel. In support of this request, Petitioner has filed a financial affidavit with the Court, which the Court has reviewed. For the following reasons, the Court will deny Petitioner's request for appointment of counsel.

There is no constitutional right to counsel in habeas proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1987); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The right to counsel in a habeas proceeding has been explained this way:

> Habeas corpus is an extraordinary remedy for unusual cases, and the law accordingly requires appointment of counsel only "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side."

*Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (citing *Forbes v. Edgar*, 112 F.3d

262, 264 (7th Cir.1997)).

In the present habeas petition, Petitioner lays forth two claims. First, Petitioner alleges that he received ineffective assistance of counsel when he was urged to enter a Plea Agreement, thereby waiving his right to direct appeal. Petitioner's second claim is that the Government violated the Plea Agreement by failing to recommend a downward departure as to Petitioner's sentence. Without going into the merits of Petitioner's claims here, the Court finds that the interests of justice do not require the appointment of counsel in this case. Petitioner has asserted that he received help from a prison lawyer in drafting his habeas petition. Furthermore, Petitioner's habeas petition clearly sets forth two arguments and contains numerous citations to applicable federal law.

For these reasons, the Court HEREBY DENIES Petitioner's request for appointment of counsel.

IT IS SO ORDERED.

> s/Lawrence P. Zatkoff
> LAWRENCE P. ZATKOFF
> UNITED STATES DISTRICT JUDGE

Dated: July 7, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 7, 2005.

> s/Marie E. Verlinde
> Case Manager
> (810) 984-3290